**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 95-50405
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL WAYNE AKERS,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(SA-94-CR-263-1)

June 19, 1996

Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Paul Wayne Akers appeals his jury conviction for manufacturing marijuana and maintaining a place to manufacture a controlled substance in violation of 21 U.S.C. § 841(a)(1) and 846, as well as the sentence imposed following

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

conviction. On appeal Akers contends that the district court erred in refusing to suppress evidence, contending that helicopter flights over his property were unlawful, as was the sweep search of the property thereafter, and that the subsequently obtained warrant was likewise invalid. In addition to the suppression issue, Akers contends that the district court erred by denying a jury instruction on simple possession of marijuana as a lesser included offense, in determining the number of marijuana plants involved in the offense, and in denying relief under 18 U.S.C. § 3582(c)(2) as to the amount of marijuana on which his sentence should be based.

We have carefully reviewed the arguments and applicable law as proffered to us in the briefs of counsel, and have likewise reviewed the record, and we are convinced that the district court committed no reversible error in refusing to grant Akers' motions to suppress, in denying the jury charge on simple possession, or in determining the number of marijuana plants involved for purposes of sentencing.

Nevertheless, as acknowledged by both the government and Akers, he is entitled to have his sentence vacated and to be resentenced, pursuant to 18 U.S.C. § 3582(c)(2), in light of retroactive amendments to the Guidelines. At the time Akers was sentenced, the notes to § 2D1.1(c)(4) specified that, in offenses involving more than 50 marijuana plants, each plant should be counted as one kilogram of marijuana. The November 1995 Guidelines amended the notes and commentary to § 2D1.1 to provide that, in all

offenses involving marijuana plants, the defendant's sentence should be based on the greater of (1) the actual weight of the usable marijuana, or (2) 100 grams per plant.  U.S.S.G. App. C, Amendment 516 (Nov. 1, 1995).  Moreover, Amendment 516 applies retroactively.  § 1B1.10(a) and (c) (1995).

We therefore affirm Akers' conviction but vacate his sentence and, pursuant to § 3582(c)(2), remand this case to the district court for resentencing in light of the retroactive amendments to the notes and commentary to § 2D1.1.

AFFIRMED as to conviction; VACATED as to sentence, and REMANDED for resentencing.